Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE:  **Jennifer M Gerow-Cordone**

Case No.: _____18-10036_____

Judge: _____**Christine M. Gravelle**_____

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

■Original      ☐Modified/Notice Required      Date: _____**January 2, 2018**_____

☐Motions Included      ☐Modified/No Notice Required

### THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS WILL BE AFFECTED.

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ■ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney __JVL__      Initial Debtor: __JMG__      Initial Co-Debtor _____

## Part 1:  Payment and Length of Plan

a.  The debtor shall pay __600.00 Monthly__ to the Chapter 13 Trustee, starting on __February 1, 2018__ for approximately **60** months.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

   b.  The debtor shall make plan payments to the Trustee from the following sources:
   - ■  Future Earnings
   - ☐  Other sources of funding (describe source, amount and date when funds are available):

   c.  Use of real property to satisfy plan obligations:
   - ☐  Sale of real property
      Description:
      Proposed date for completion: _____

   - ☐  Refinance of real property:
      Description:
      Proposed date for completion: _____

   - ■  Loan modification with respect to mortgage encumbering property:
      Description:**Debtor seeks to modify the first mortgage with PNC Bank, to cure arrears and reinstate the mortgage loan**
      Proposed date for completion:    **July 31, 2018**    _____

   d.  ■  The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.
   e.  ☐  Other information that may be important relating to the payment and length of plan:

## Part 2:  Adequate Protection                    ■ NONE

   a.  Adequate protection payments will be made in the amount of $  **300.00 monthly**  to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to  **PNC Bank**  (creditor).

   b.  Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

   a.  All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **James V. Loewen, Esq.** | **Attorney Fees** | **2,000.00** |

   b.  Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:
   - ■ None
   - ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

**Part 4: Secured Claims**

### a.  Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **PNC Bank** | **923 Robin Road Hillsborough, NJ 08844 Somerset County residence** | **52,943.57** | **4.00** | **18,000.00** | **1,808.66** |
| **PNC Bank** | **923 Robin Road Hillsborough, NJ 08844 Somerset County residence** | **2,500.00** | **3.75** | **2,763.10** | **0.00** |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

1.)  The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

    2.)  Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender ■ NONE**

    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f.  Secured Claims Unaffected by the Plan ■ NONE**

    The following secured claims are unaffected by the Plan:

Creditor

**g.  Secured Claims to be Paid in Full Through the Plan ☐ NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **Robin Road Village Condo. Assoc. c/o** | **Assessment lien** | 5,370.50 |
| **Robin Road Village Condo. Assoc. c/o** | **Assessment lien** | 2,936.74 |

## Part 5:  Unsecured Claims  ☒ NONE

    a.  **Not separately classified**  allowed non-priority unsecured claims shall be paid:

        ☐      Not less than $___ to be distributed *pro rata*

        ☐      Not less than ___ percent

        ■      *Pro Rata* distribution from any remaining funds

    b.  **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases  ☒ NONE

    (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

    All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7:  Motions  ☒ NONE

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

### a.  Motion to Avoid Liens under 11 U.S.C. Section 522(f). ■ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|----------|----------------------|--------------|----------------|---------------------|-----------------------------|---------------------------------------------|------------------------------|
|          |                      |              |                |                     |                             |                                             |                              |

### b.  Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|----------|------------|----------------|------------------------|----------------|--------------------------------------------|-----------------------------------------|
|          |            |                |                        |                |                                            |                                         |

### c.  Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|----------|------------|----------------|------------------------|-----------------------------|----------------------------------------|
|          |            |                |                        |                             |                                        |

## Part 8:  Other Plan Provisions

### a.  Vesting of Property of the Estate

- ■ Upon Confirmation
- ☐ Upon Discharge

### b.  Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c.  Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

5) **Priority Claims** _____

6) **General Unsecured Claims** _____

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

---

**Part 9:  Modification     ☒ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
|  |  |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☐ No

**Part 10 :  Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures
■ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

| Date | **January 15, 2018** _____ | /s/ James V. Loewen, Esq. _____ |
|---|---|---|
|  |  | **James V. Loewen, Esq.** |
|  |  | Attorney for the Debtor |
| Date: | **January 15, 2018** _____ | /s/ Jennifer M Gerow-Cordone |
|  |  | **Jennifer M Gerow-Cordone** |
|  |  | Debtor |
| Date: | _____ |  |
|  |  | Joint Debtor |

**Signatures**

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

| Date | **January 15, 2018** _____ | /s/ James V. Loewen, Esq. _____ |
|---|---|---|
|  |  | **James V. Loewen, Esq.** |
|  |  | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | **January 15, 2018** _____ | /s/ Jennifer M Gerow-Cordone _____ |
|---|---|---|
|  |  | **Jennifer M Gerow-Cordone** |
|  |  | Debtor |
| Date: | _____ |  |
|  |  | Joint Debtor |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                Case No. 18-10036-CMG
Jennifer M Gerow-Cordone                                               Chapter 13
          Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-3          User: admin          Page 1 of 1          Date Rcvd: Jan 17, 2018
                             Form ID: pdf901       Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 19, 2018.
db              +Jennifer M Gerow-Cordone,    923 Robin Road,    Hillsborough, NJ 08844-4444
517258361       +Buckley Madole, PC,    99 Wood Avenue, Suite 803,    Iselin, NJ 08830-2713
517258362       +Capital One,    Lyons, Doughty & Veldhuis, P.C.,    136 Gaither Drive, Suite 100,   PO Box 1269,
                 Mount Laurel, NJ 08054-7269
517258364       +PNC Bank,    PO Box 5343,    Cleveland, OH 44101-0343
517258363        PNC Bank,    PO Box 1820,    Dayton, OH 45401-1820
517280148        Robin Road Village Condo. Assoc.,    McGovern Legal Services, LLC,    PO Box 1111,
                 New Brunswick, NJ 08903-1111

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg              E-mail/Text: usanj.njbankr@usdoj.gov Jan 17 2018 22:59:27    U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg             +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jan 17 2018 22:59:23    United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
517258365        E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 17 2018 23:02:35
                 Portfolio Recovery Associates, LLC,    140 Corporate Boulevard,    Norfolk, VA 23502
517260157       +E-mail/PDF: gecsedi@recoverycorp.com Jan 17 2018 22:55:52    Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 4

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 19, 2018                              Signature:  /s/Joseph Speetjens


---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 15, 2018 at the address(es) listed below:
          Albert Russo    docs@russotrustee.com
          James V. Loewen   on behalf of Debtor Jennifer M Gerow-Cordone loewen@newjerseylawyer.org
          Rebecca Ann Solarz    on behalf of Creditor    The Bank Of New York Mellon FKA The Bank Of New York,
          As Indenture Trustee For The Holders Of GSC Capital Corp. Mortgage Trust 2006-1, Mortgage-Backed
          Notes, Series 2006-1 rsolarz@kmllawgroup.com
          U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                      TOTAL: 4